17-456-cr
United States v. Santana

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand eighteen.

PRESENT:   ROBERT D. SACK,
                    PETER W. HALL,
                    CHRISTOPHER F. DRONEY,

                    *Circuit Judges.*
-----------------------------------------------------------------------
UNITED STATES OF AMERICA,

                    *Appellee,*

             v.                                            No. 17-456-cr

TEDDY SANTANA, AKA EQUAN, AKA EEZ,

                    *Defendant-Appellant.*

-----------------------------------------------------------------------
FOR APPELLANT:                     Jeremy Gutman, New York, New York.

FOR APPELLEE:                       Charles N. Rose, Assistant United States Attorney, Amy Busa, Michael R. Maffei, Assistant United States Attorneys (*on the brief*) *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant Santana was convicted of conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and attempted distribution and possession with intent to distribute heroin, in violation of 21 U.S.C.§§ 846 and 841(b)(1)(c). Santana argues on appeal that the district court erred in denying his motion to suppress and his motion for a new trial pursuant to Rule 33. He argued in each of these motions that the officer who arrested him was not credible and that the court's probable cause determination should, therefore, be called into question. We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

"The standard of review for evaluating the district court's ruling on a suppression motion is clear error as to the district court's findings of historical facts, but *de novo* as to ultimate legal conclusions, such as the existence of probable cause." *United States v. Thomas*, 788 F.3d 345, 349 (2d Cir. 2015), (citing *United States v. Raymonda,* 780 F.3d 105, 113 (2d Cir. 2015)) *cert. denied*, 136 S. Ct. 848 (2016). "Because of the substantial 'deference properly accorded a district court's decisions regarding evidentiary matters and the general conduct of trials,'" we review for abuse of discretion a district court's decision to reopen a suppression hearing or reconsider its ruling on a motion to suppress. *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 177, 196 (2d Cir. 2008) (quoting *United States v. Bayless,* 201 F.3d 116, 131 (2d Cir. 2000)).

2

A district court exceeds the bounds of its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001).

Applying *de novo* review, we hold that the court's finding of probable cause was correct—both when initially made and after the close of trial— and it follows that Santana's challenge to the district court's rulings fails. "Probable cause exists if a law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." *United States v. Steppello*, 664 F.3d 359, 363–64 (2d Cir. 2011) (internal quotation marks and citation omitted).

Santana disputes the credibility of the arresting officer. But Santana responded to a request for "a whole bun" in text messages from the phone of a young lady who (apparently unbeknownst to Santana) had recently passed away from a heroin overdose ("the deceased"). Shortly after receiving the request, he arrived in the vicinity of the deceased's residence, and even moved locations based on instructions texted to him from the deceased's phone. Considering the totality of the circumstances, the facts provide probable cause to arrest, regardless of whether there were minor inconsistencies in the arresting officer's testimony.

Denial of a Rule 33 motion is likewise reviewed for abuse of discretion. *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009). "Even where courts in this Circuit have clearly identified perjured testimony, they have refused to grant a new trial unless the court could find

3

that the jury probably would have acquitted in the absence of the false testimony." *Id.* at 476. In other words, "where the resolution of the Rule 33 motion 'depend[s] on assessment of the credibility of the witnesses, it is proper for the court to refrain from setting aside the verdict and granting a new trial.'" *Id.* (quoting *Metromedia Co. v. Fugazy,* 983 F.2d 350, 363 (2d Cir. 1992)).

There is no indication that the jury would have acquitted Santana absent the portions of the arresting officer's testimony that Santana alleges to be false. Not only did he respond to the texted request described above, he was arrested with heroin in his underwear. His phone contained the text conversation with the deceased and further evidence of heroin trafficking.[1] A witness testified at trail that she conspired with Santana to distribute heroin and that she had received heroin from Santana almost daily in the days leading up to the death of the deceased. We are unpersuaded that there is any likelihood the jury convicted an innocent man.

We have considered all Santana's arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Santana has waived any argument that the evidence contained in his phone should be suppressed by failing to contest the validity of the warrant on appeal. *See United States v. Johnson*, 994 F.2d 980, 986–88 (2d Cir. 1993).

4